IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| In Re: | ) | Chapter 13 Proceeding |
|---|---|---|
| | ) | Case No. 08-19248 |
| Valerie D. Davis | ) | |
| | ) | Judge Morgenstern-Clarren |
| Debtor(s). | ) | |
| | ) | **OBJECTION TO AMENDED** |
| | ) | **MOTION FOR RELIEF FROM** |
| | ) | **CODEBTOR STAY** |

Now comes the Debtor(s), by and through counsel, and objects to Civil Service Employees Association Credit Union's ("Credit Union") Motion For Relief From Codebtor Stay filed July 24, 2009.

Memorandum

Credit Union's motion cites two (2) code sections of the Bankruptcy Code -- §362(d)(1, 2) and §1301 in support of its motion. Neither Code section support Credit Union's Motion, and Credit Union's Motion should be denied.

§362(d)(1, 2)

§362(d)(1, 2) states the following:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
    (2) with respect to a stay of an act against property under subsection (a) of this section, if—
        (A) the debtor does not have an equity in such property; and
        (B) such property is not necessary to an effective reorganization;

The debt in question is unsecured as stated in Paragraph 6 of Credit Union's Motion – "(t)he value of the Collateral is $N/A." As such there is no "property" subject to §362(d)(1, 2) and Credit Union's Motion should be denied.

### §1301

Credit Union also cannot rely upon §1301 in the current case. §1301(c) provides three (3) avenues for a creditor to seek codebtor relief from stay:

> (1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;
> (2) the plan filed by the debtor proposes not to pay such claim; or
> (3) such creditor's interest would be irreparably harmed by continuation of such stay.

In the present matter, codebtor Regina Bryant was simply the cosigner of the note and not the individual that received the consideration as required under (c)(1). Regarding (c)(2), the Plan is this case is a 100% plan, and Debtor has proposed to pay Credit Union's claim pursuant to the Plan. Lastly, Credit Union will not suffer irreparable harm by continuance of the stay as they are to be paid according to the 100% plan. Thus, Credit Union's Motion should be denied.

THEREFORE, according to the reasons stated in this Objection, Debtor respectfully requests that Credit Union's Motion be denied.

Respectfully submitted,

/s/ Christopher B. Hall
Burl C. Robinette (0039448)
Christopher B. Hall (0080248)
Attorney for Debtor(s)
Robinette & Hall, LLC
815 Superior Avenue East
Superior Building, Suite 1412
Cleveland, OH 44114
Phone: 216-803-1200
Fax: 216-453-3636
Chris@RobinetteHall.com

## CERTIFICATE OF SERVICE

A copy of the forgoing Objection To Amended Motion For Relief From Codebtor Stay was served via ordinary U.S. Mail and/or electronically August 12, 2009, upon the following:

Beth Ann Schenz, Esq.
Weltman, Weinberg & Reis Co., L.P.A.
Lakeside Place, Suite 200
323 W. Lakeside Avenue
Cleveland, OH 44113
(electronic)

Craig Shopneck, Chapter 13 Trustee (electronic)

Office of the United States Trustee (electronic)

/s/ Christopher B. Hall
Burl C. Robinette (0039448)
Christopher B. Hall (0080248)
Attorney for Debtor(s)
Robinette & Hall, LLC
815 Superior Avenue East
Superior Building, Suite 1412
Cleveland, OH 44114
Phone: 216-803-1200
Fax: 216-453-3636
Chris@RobinetteHall.com